HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 07-CR-327 |
| vs. | : | SSN: |
| WILLIAMS, Veronica | : | Disclosure Date: January 30, 2008 |

**FILED**
APR 22 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____        _____
Prosecuting Attorney                                          Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( )   There are no material/factual inaccuracies therein.
(✓)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

*Veronica Williams* 2-07-08        *Rita Bonner* 2/8/08
Defendant                Date                   Defense Counsel        Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **February 13, 2008**, to U.S. Probation Officer **Kathie McGill**, telephone number **(202) 565-1421**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

February 11, 2008

Kathie McGill
United States Probation Officer
United States District Court
3rd and Constitution Avenue, N.W.
Washington, DC 20001

        **Re: United States v. Veronica Williams**
             **Criminal Number 07-327-01**

Dear Ms. McGill:

    Enclosed please find the Defendant's Objections and Comments to the pre-sentence report, prepared in the above indicated case, dated January 30, 2008.

**Objections and Comments**

    1. Page 2: "Worm" is not an alias, it is simply a nickname and need not be included.

    2. Page 3, ¶ 5: On January 29, 2008, Judge Sullivan granted Ms. Williams's request that she be allowed to travel to North Carolina once a month to visit her son and mother. This update should be added to the conditions of her pre-trial release.

    3. Page 8, ¶ 31: Ms. Williams objects to the fifth sentence of this paragraph. Ther eis no indication that Ms. Williams has ever had a drinking problem, thus this sentence is irrelevant and tangential. Ms. Williams also specifically objects to the use of the term "admitted" in this sentence. During the pre-sentence interview, Ms. Williams was forthcoming and truthful when asked about the last time she drank. There is absolutely nothing wrong with drinking one beer, but use of the term "admit" insinuates otherwise.

    4. Page 10, ¶ 46: Ms. Williams objects to use of the term "escapes" in the first sentence. This word insinuates that she has somehow acted improperly when the fact is that she has done nothing but play by the rules and cooperate with authorities from the time she was first contacted about this case. The sentence should simply say "By virtue of the plea agreement, Ms. Williams is not subject to any statutory penalties ..."

5. Page 10, ¶ 47: Ms. Williams objects to this entire paragraph as irrelevant, unnecessary, and unfairly prejudicial.

(A) First of all, the PSR has already stated on three occasions the impact of the plea agreement, in paragraphs 3, 4, and 46. What is stated in those paragraphs is more than sufficient to inform the court of the impact of the plea.

(B) Second, the PSR recites the penalties for First Degree Theft, DCC § 22-3212(a), but Ms. Williams was never charged with this. See Information, filed November 30, 2007 (charging Ms. Williams with DCC § 22-3212(b)). It is thus improper to include this information in the PSR, what should instead be included are the penalties for the actual charge, DCC § 22-3212(b), and this is already done in paragraph 3.

(C) Third, Count One of the Information, 18 USC § 1341, was dismissed. The probation office has no information as to why it was dismissed or whether the government could have proven the charges, and an analysis of that charge and/or its penalties therefore has no place in the PSR. It has already been stated that Ms. Williams is not subject to the United States Sentencing Guidelines, and inclusion of them is irrelevant, inefficient, and prejudicial.

Thank you for your consideration of these matters. Please feel free to call me if there are any details which we need to discuss.

Very truly yours,

*Rita Bosworth*

Rita Bosworth
Assistant Federal Public Defender
(202) 208-7500


cc: Opher Shwejki
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC  20001